NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL SCIPIO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-1469 (SRC) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| JOHN E. POTTER, Postmaster General, et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Amended Complaint for noncompliance with Federal Rule of Civil Procedure 8(a)(2) by Defendants John E. Potter and the United States Postal Service, et al. (collectively, "Defendants"). For the reasons that follow, the motion to dismiss will be denied.

On September 16, 2008, Plaintiff *pro se* filed the Amended Complaint, which is 69 pages long. Defendants complain that the Amended Complaint does not meet the requirement of Rule 8(a)(2) that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather, Defendants contend, the Amended Complaint "is a perplexing jumble of seemingly unconnected, disjointed, redundant and immaterial random facts." (Defs.' Stmt. ¶ 3.) Defendants ask that this Court require Plaintiff to redraft his Amended Complaint.

While it may be true that the Amended Complaint is not a model pleading, few pleadings

– even those drafted by experienced attorneys – are models of conciseness.  This Court has examined the Amended Complaint and finds that, while it is indeed detailed, and it is true that the Amended Complaint has different schemes of claims, counts, and claimed issues, this Court cannot agree with Defendants that it is beyond comprehension.  Defendants cite no law in support for the proposition that a complaint should be dismissed if it is, in places, somewhat confusing or repetitive.  The Amended Complaint is sufficiently comprehensible to meet the requirements of Rule 8(a)(2).

Defendants also contend that the Amended Complaint is written such that responding to it is "unduly burdensome." (Defs.' Stmt. ¶ 6.)  Defendants cite no law to support their position that this Court may dismiss a complaint because responding is unduly burdensome, or order redrafting a complaint to reduce the burden of answering on a defendant.

Furthermore, the Supreme Court's revision of pleading standards under Rule 8 in Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007), requires a plaintiff to plead sufficient facts to raise the right to relief above the speculative level.  Claims must be supported by "well-pleaded factual allegations."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  In light of the current state of the law of Rule 8, then, Defendants' contention that Plaintiff has pled too many facts appears particularly inapt.  Defendants are, of course, free to move to dismiss any claims which they believe are not sufficiently supported by well-pleaded factual allegations.

Lastly, it is well-settled in the Third Circuit that "[c]ourts are to construe complaints so as to do substantial justice . . . keeping in mind that *pro se* complaints in particular should be construed liberally."  Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (citation omitted).  It is thus particularly appropriate to conclude that this *pro se* plaintiff's Amended Complaint does not

run afoul of the requirements of Rule 8(a)(2).

    For these reasons,

    **IT IS** on this 18th day of August, 2009,

    **ORDERED** that Defendants' motion to dismiss (Docket Entry No. 24), pursuant to Federal Rule of Civil Procedure 8(a)(2), is **DENIED.**

      /s Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge